UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACI BRINGLE, RICHARD JONES, BETTY JONES, A. M. A Minor, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:19-cv-01243-TAB-JRS<br>) |
| SCOTT BRINGLE, | )<br>) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiffs allege Defendant engaged in illegal interception and disclosure of wire, oral, and electronic communications in violation of 18 U.S.C. § 2511. [Filing No. 1, at p. 1]. Plaintiffs also allege violations of Indiana common law, including intentional infliction of emotional distress, negligent infliction of emotional distress, intrusion upon seclusion, public disclosure of private facts, defamation, and tortious interference with a business relationship and contract. [Filing No. 1, at p. 1.] Defendant responded to Plaintiffs' wide-ranging complaint by filing a motion for a more definite statement pursuant to Rule 12(e). [Filing No. 9.] The Court granted Defendant's motion and ordered Plaintiffs to file an amended complaint within 14 days. [Filing No. 16.] Plaintiffs failed to comply.

In response to Plaintiffs' inaction, Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(e). Rule 12(e) states, in part, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed by which is so vague or ambiguous that the party cannot reasonably prepare a response . . . If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate

1

order." Fed. R. Civ. P. 12(e). Rule 12(e), "is the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017).

If a plaintiff fails to timely comply with a court's order pursuant to Rule 12(e), the expected outcome is to either strike the complaint or dismiss the case. *See*, *e.g.*, *Saad v. Burns International Sec. Services, Inc.*, 456 F. Supp. 33, 38 (D.C. Cir. 1978) ("Plaintiff must file a more definite statement with regard to his Title VII claims . . . within 10 days of the date of this memorandum and accompanying order. Rule 12(e) Fed. R. Civ. P. Failure to do so may result in dismissal of the entire complaint."); *Little v. Moon*, 769 Fed. App'x. 388, 389 (7th Cir. 2019) ("[I]f a plaintiff does not comply with a reasonable order for details under Rule 12(e), a district court may dismiss the complaint with prejudice."); *Interleda Co. v. Zhongshan Broad-Ocean, Motor Co., LTD.*, No. 1:13-cv-356, 2015 U.S. Dist. LEXIS 36334, at *33 (N.D. Ind. Mar. 24, 2015) ("In order for relief in the form of dismissal to be granted pursuant to Rule 12(e), [defendant] must first file a motion requesting a more definite statement. If the Court were to grant that motion, and [plaintiff] were to fail to provide a more definite statement as ordered by the Court, then dismissal of the claim would be a potential available remedy.").

Plaintiffs failed to comply with the Court's order for a more definite statement. Accordingly, the Court hereby grants Defendant's motion to dismiss. While such a dismissal may be with prejudice, the Court prefers to avoid such a harsh result so early in the litigation. Therefore, this dismissal is without prejudice.

IT IS SO ORDERED: August 22, 2019.

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

2

Distribution:

Neal Frederick Eggeson, Jr.
EGGESON PRIVACY LAW
nfelaw@gmail.com

Linda A. Thomas
L.A. THOMAS LAW, LLC
linda@lathomaslaw.com