UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| TRACI BRINGLE, | ) |
| RICHARD JONES, | ) |
| BETTY JONES, | ) |
| A. M. A Minor, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:19-cv-01243-TAB-JRS |
| | ) |
| SCOTT BRINGLE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PENDING MOTIONS**

**I.  Introduction**

Plaintiff Traci Bringle[1] has filed a motion to amend her complaint. [Filing No. 21.] Her motion has drawn a strong objection from Defendant Scott Bringle, who asserts the motion is an untimely and procedurally deficient attempt to "seek a do-over." [Filing No. 22, at ECF p. 1.] Defendant also has filed a motion to strike Plaintiff's reply brief. [Filing No. 24.] As explained below, the Court grants Plaintiff's motion to amend [Filing No. 21] and Defendant's motion to strike [Filing No. 24]. However, the amended complaint will be deemed filed as of the date of this order, which may result in statute of limitations problems.

---

[1] While there are multiple Plaintiffs in this case, the underlying motion to amend the complaint was filed by counsel solely on behalf of Plaintiff Traci Bringle. [Filing No. 21, at ECF p. 3.]

**II.     Background**

Plaintiffs filed their original complaint on March 27, 2019, alleging Defendant engaged in illegal interception and disclosure of wire, oral and electronic communications in violation of 18 U.S.C. § 2511.  [Filing No. 1].  Plaintiffs also alleged numerous violations of Indiana common law.  [Filing No. 1, at ECF p. 1.]  Defendant responded to Plaintiffs' complaint by filing a motion for a more definite statement, which the Court granted on June 7, 2019.  [Filing No. 16.]  The Court ordered Plaintiffs to file an amended complaint within 14 days.  [Filing No. 16.]  Plaintiffs failed to comply.  Thus, on July 8, 2019, Defendant moved to dismiss Plaintiffs' complaint.  [Filing No. 17.]  Plaintiffs once again did not respond to Defendant's motion.  On August 22, 2019, the Court entered an order of dismissal without prejudice.  [Filing No. 19.]  On October 2, 2019, the Court entered a minute entry [Filing No. 20] noting that more than 30 days had passed since the Court's August 22 order and Plaintiffs had not sought to file an amended complaint or otherwise prosecute this matter.  The Court informed the parties that absent a motion for leave to amend or other filing within 14 days of the Court's October 2 order, the Court would convert its prior dismissal to a dismissal with prejudice.  [Filing No. 20.]

On October 16, 2019, Plaintiff Traci Bringle filed her motion for leave to file amended complaint.  [Filing No. 21.]  Plaintiff acknowledges the belatedness of the motion but seeks leave to amend her original complaint for good cause under Fed. R. Civ. P. 15(a)(2).  [Filing No. 21, at ECF p. 1-2.]  Plaintiff notes that the parties have not yet resolved their state divorce case and that Plaintiff's counsel unexpectedly and permanently relocated from Indianapolis to Washington D.C. in June 2019 and was ill for a period of the relocation time.  [Filing No. 21, at ECF p. 1-2.]  In addition, Plaintiff alleges that Defendant has already admitted to necessary elements of Plaintiff's claims.  [Filing No. 21, at ECF p. 2.]

2

Defendant disputes that he has admitted to anything. [Filing No. 22, at ECF p. 7.] Defendant also questions whether this Court has jurisdiction to review Plaintiff's motion and argues that Plaintiff's motion should be denied for procedural shortcomings and for lack of good cause. [Filing No. 22, at ECF p. 3-4.] Alternatively, Defendant argues that Plaintiff should be required to re-file her case. [Filing No. 22, at ECF p. 8.] Finally, Defendant requests that reinstatement be conditioned upon dismissal with prejudice of all the time-barred claims and that the Court impose costs pursuant to Fed. R. Civ. P. 41(d). [Filing No. 22, at ECF p. 11-12.][2]

## III. Discussion

Plaintiff seeks leave to amend her original complaint under Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id*. The rule states that "[t]he court should freely give leave when justice so requires." *Id*.

Defendant counters that this Court does not have jurisdiction to review Plaintiff's motion. [Filing No. 22, at ECF p. 3.] Defendant cites *Paganis v. Blonstein*, 3 F.3d 1067, 1070 (7th Cir. 1993), for the proposition that once a district court enters judgment on a dismissal, the plaintiff may only amend the complaint under Fed. R. Civ. P. 15(a) with leave of court after making a motion under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b) and once the judgment has been set aside or vacated. However, in this case, the Court had not yet entered judgment. The Court entered an order dismissing the case without prejudice and notified the parties that in 14 days,

---

[2] On December 18, 2019, Plaintiff filed a belated reply brief in support of her motion. [Filing No. 23.] Plaintiff has not sought leave with the Court to file this belated reply. Shortly after filing, Defendant filed a motion to strike the reply [Filing No. 24], noting the untimeliness of it. The Court grants Defendant's motion [Filing No. 24] and strikes Plantiff's untimely reply [Filing No. 23.] Thus, the Court will not consider any new arguments or support raised in the reply in ruling on the underlying motion.

that order would be converted to an order with prejudice. Plaintiff's amended complaint was filed within the last deadline set by the Court. Thus, contrary to Defendant's argument, Plaintiff did not need to file a Rule 59(e) or Rule 60(b) motion.[3]

As noted above, under Fed. R. Civ. P. 15(a)(2), Plaintiff may amend her pleading only with either the opposing party's written consent or leave from the Court. In this case, Defendant strongly objects to amending the complaint. Thus, Plaintiff's only path forward is with leave from the Court, which Rule 15(a)(2) says should be freely given when justice requires. *Id. See, e.g., Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("Leave to amend a complaint should be freely given when justice so requires. In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be freely given." (Internal citations and quotation marks omitted)).

In this case, there are no accusations of bad faith or dilatory motives. Plaintiff acknowledges that she filed her motion roughly 120 days late in relation to the Court's first order seeking an amended complaint. [Filing No. 21, at ECF p. 2.] But "delay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason. . . is prejudice to the non-moving party." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (internal citation omitted).

---

[3] Since the Court concludes that it has jurisdiction to rule on Plaintiff's motion, Defendant's additional arguments regarding Rule 59(e) and Rule 60(b) motions and why Plaintiff has not set forth the requirements for such motions need not be addressed further. [Filing No. 22, at ECF p. 5-8.]

4

Defendant has not indicated—and the Court is unaware—of any prejudice to Defendant by allowing Plaintiff to amend her complaint per the Court's order and in light of Defendant's motion for a more definite statement. Plaintiff does not raise new claims or require additional discovery, but rather clarifies the claims that were already present. Thus, the Court grants Plaintiff's motion. [Filing No. 21.]

However, the Seventh Circuit has long noted: " 'Without prejudice' does not mean 'without consequence'. If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989). Moreover, "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). *See, e.g., Jones v. Bull Moose Tube Co.*, No. 09 C 3122, 2010 WL 1781710, at *4 (N.D. Ill. April 26, 2010) ("*Elmore* stands for the principle that once a complaint is dismissed without prejudice, it is as if the complaint had never been filed."). *See also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1023 (7th Cir. 2013) (noting cases in the Seventh Circuit holding that "dismissal of an entire suit (not just a complaint) without prejudice can mean that the applicable statute of limitations will have run before the plaintiff can correct the problem. For purposes of a statute of limitations, it is as if the dismissed suit had never been filed.").

Therefore, the Court grants Plaintiff's motion to the extent Plaintiff's amended complaint is deemed filed as of the date of this order. However, the statute of limitations will not be tolled, which may result in statute of limitations problems.[4]

---

[4] The Court also notes that while Plaintiff's amended complaint [Filing No. 21-1] addresses the majority of the issues raised in Defendant's motion for a more definite statement, Plaintiff has not made any apparent modifications to the intentional infliction of emotional distress or negligent infliction of emotional distress claims. [Filing No. 21-1, at ECF p. 18-20.] Given the statute of limitations issues now haunting some of Plaintiff's claims, the Court anticipates

5

**IV. Conclusion**

Accordingly, Defendant's motion to strike [Filing No. 24] Plaintiff's belated reply brief is granted, and the Clerk shall update the docket to strike Plaintiff's reply [Filing No. 23]. In addition, Plaintiff's motion to amend her complaint [Filing No. 21] is granted. However, as explained above, the statute of limitations is not tolled. Defendant's request for costs is denied, provided, however, that upon the issuance of a judgment, Fed. R. Civ. P. 54(d)(1) provides that costs typically are awarded to the prevailing party.

Date: 12/26/2019

*[signature]*

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

Defendant may file a dispositive motion. Plaintiff's emotional distress claims may likewise be vulnerable in such a motion due to the noted shortcomings of the amended complaint.