UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACI BRINGLE, <br> RICHARD JONES, <br> BETTY JONES, <br> A. M. A Minor, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT BRINGLE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:19-cv-01243-TAB-JRS <br> ) <br> ) <br> ) <br> ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

**I.    Introduction**

Defendant Scott Bringle seeks dismissal of this case with prejudice, contending: (1) the majority of claims are time barred, (2) Plaintiffs failed to provide a more definite statement on the state law claims as ordered, and (3) the invasion of privacy allegations in the amended complaint are insufficient. [Filing No. 27, at ECF p. 1-2.] For reasons stated below, the Court agrees. Plaintiffs have been provided with multiple opportunities to amend their pleadings and address underlying issues but have consistently failed to do so. Accordingly, Defendant's motion to dismiss [Filing No. 27] is granted, and the dismissal is with prejudice.

**II.   Background**

Plaintiffs filed their original complaint on March 27, 2019, alleging Defendant engaged in illegal interception and disclosure of wire, oral, and electronic communications in violation of the Federal Wiretap Act, 18 U.S.C. § 2511. [Filing No. 1.] Defendant responded by filing a motion for a more definite statement [Filing No. 9], which this Court granted. [Filing No. 16.]

The Court ordered Plaintiffs to file an amended complaint within 14 days. [Filing No. 16, at ECF p. 1.] Plaintiffs failed to comply. On July 8, 2019, Defendant moved to dismiss Plaintiffs' cause of action and strike Plaintiffs' complaint. [Filing No. 17.] Plaintiffs once again failed to respond, so on August 22, 2019, the Court entered an order of dismissal without prejudice. [Filing No. 19.] On October 2, 2019, the Court entered a minute entry [Filing No. 20] noting that the Court previously dismissed this matter without prejudice and would convert the dismissal to with prejudice if no further action was taken within the next 14 days. On October 16, 2019, Plaintiff Traci Bringle filed a motion for leave to file an amended complaint. [Filing No. 21.] The Court ultimately granted Plaintiff Bringle's motion [Filing No. 25] but noted that it would not toll of the statute of limitations. Thus, the Court stated that the amended complaint would be deemed filed as of the date of the Court's order—December 26, 2019. [Filing No. 25, at ECF p. 5.] On January 16, 2020, Defendant filed a second motion to dismiss. [Filing No. 27.]

### III.  Discussion

The pending motion to dismiss asks the Court to dismiss this cause of action with prejudice. [Filing No. 27, at ECF p. 1.] First, Defendant argues that each of the alleged violations of the Federal Wiretap Act, 18 U.S.C. § 2511(c), underlying Counts I-IX of Plaintiffs' amended complaint fall outside the applicable statute of limitations and thus are time barred. [Filing No. 27, at ECF p. 1.] The statute of limitations for Plaintiffs' claims against Defendant of intentional interception, disclosure, and use of telephone and other oral communications under 18 U.S.C. § 2511 is two years. *See* 18 U.S.C. § 2520(e) ("A civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation.").

Plaintiffs concede that a portion of the claims are time barred. [Filing No. 31, at ECF p. 2.] However, Plaintiffs also briefly note their contention that "the actual date for which claims would be time barred should be based on the October 16, 2019[,] filing date of the Amended Complaint, not the December 26, 2019[,] date of the Court's order." [Filing No. 31, at ECF p. 2.] Plaintiffs could have appealed or asked the Court to reconsider its prior order, but Plaintiffs chose not to do so. Instead, Plaintiffs raised this argument with the Court for the first time in a solitary, unsupported sentence in response to Defendant's motion to dismiss. [Filing No. 31, at ECF p. 2.] Plaintiffs have failed to provide any citations to authority or further analysis to support their bare contention that the Court's prior order was incorrect. As Defendant points out, this is not the proper way to raise such an argument. [Filing No. 34, at ECF p. 1, n. 2.]

There is some case law in this circuit supporting Plaintiffs' contention. *See, e.g., Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion."). However, it is not the Court's role to make an argument on behalf of a party. *See, e.g., APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002) ("As we have noted on previous occasions, it is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver." (Internal citation, quotation marks, and brackets omitted)).

Moreover, whether to grant leave to amend pleadings under Fed. R. Civ. P. 15(a) is a decision within the discretion of the Court and will be disturbed on appeal only for an abuse of

discretion. *See, e.g., Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019) ("We examine leave-to-amend decisions for an abuse of discretion."). And in many prior cases, this Court has granted a motion to amend the complaint and deemed the amended complaint to be filed as of the date of the Court's order. *See, e.g., Philpot v. CelebrityCafe.Com, LLC*, No. 1:14-cv-01982-TWP-DML, 2015 WL 5032144, at *6 (S.D. Ind. Aug. 25, 2015); *Durden v. Semafore Pharmaceuticals, Inc.*, No. 1:10-cv-554-WTL-TAB, 2011 WL 2118952, at *3 (S.D. Ind. May 25, 2011); *Armitage v. Apex Control Systems, Inc.*, No. 2:08-cv-45-WTL-WGH, 2010 WL 4318846, at *1 (S.D. Ind. Oct. 26, 2010); *Virtualnet, Inc. v. Arnolt*, No. IP 01-0414 M/L, 2003 WL 21147662, at *2 (S.D. Ind. March 28, 2003). Therefore, the Court's prior order remains in effect, and the amended complaint is deemed filed as of December 26, 2019. [Filing No. 25, at ECF p. 5.]

As noted above, Plaintiffs' claims against Defendant under the Federal Wiretap Act are subject to a two-year statute of limitations. *See* 18 U.S.C. § 2520(e). All the incidents of surreptitious recording underlying Plaintiffs' allegations occurred between March 2, 2017, and November 17, 2017. [Filing No. 26, at ECF p. 4-5.] Plaintiffs admit in the amended complaint that Plaintiff Bringle first learned that Defendant was surreptitiously recording her on March 28, 2017, when she found the first recording device. [Filing No. 26, at ECF p. 3-4.] Plaintiff Bringle found additional devices between May and November 2017. [Filing No. 26, at ECF p. 5.] Thus, Plaintiff had a reasonable opportunity to discover these violations in or before November 2017, which is more than two years prior to the amended complaint's file date of December 26, 2019.

Plaintiffs contend—without further argument or analysis—that recovery may still be had under ¶¶ 24-28 and ¶¶ 30-32 of the amended complaint. [Filing No. 31, at ECF p. 2.] As

4

Defendant notes, however, Plaintiffs fail to provide any explanation as to how the allegations contained in these paragraphs might implicate 18 U.S.C. § 2511. [Filing No. 34, at ECF p. 1.] For the reasons explained in Defendant's reply brief [Filing No. 34, at ECF p. 2-4], none of the allegations in these paragraphs aid in Plaintiffs' recovery under 18 U.S.C. § 2511. Accordingly, Plaintiffs' claims in Counts I-IX are time barred and, therefore, dismissed.

Next, Defendant claims that Counts X & XI, which allege state law claims[1] for intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED) should be dismissed. [Filing No. 27, at ECF p. 1.] Defendant argues that these claims also are time barred [Filing No. 28, at ECF p. 4-5], noting that Indiana defines the statute of limitations for personal injury suits such that a suit "must be commenced within two (2) years after the cause of action accrues." Ind. Code. § 34-11-2-4. Additionally, Defendant points out that Plaintiffs failed to provide a more definite statement as to these claims, despite the Court's order that Plaintiffs do so. [Filing No. 28, at ECF p. 5-6.] The Court noted Plaintiffs' lack of modifications to these claims in its December 26 order. [Filing No. 25, at ECF p. 5, n. 4.]

In their most recent response, Plaintiffs disregarded the Court's prior order yet again. Plaintiffs broadly claimed that both the initial and amended complaint "state sufficient facts to plead the elements of each claim, including intentional infliction of emotional distress and negligent infliction of emotional distress." [Filing No. 31, at ECF p. 2.] Plaintiffs have been given multiple opportunities to address shortcomings in these claims and have repeatedly decided not to do so. Plaintiffs have not provided the Court with any reason, much less a

---

[1] Neither Defendant nor Plaintiffs discuss whether the Court should dismiss the state law claims based on not exercising supplemental jurisdiction under 28 U.S.C. § 1367. Nevertheless, since the Court has determined all of Plaintiffs' claims, state and federal, are time-barred, and some also have deficiencies in their merits, the Court need not address this issue further.

compelling reason, why that is the case. Moreover, the Court agrees that these claims are also time barred, as each of the alleged incidents giving rise to Plaintiffs' IIED and NIED claims occurred more than two years prior to the filing of Plaintiffs' amended complaint. Accordingly, for these reasons, Counts X and XI are dismissed as well.

Finally, Defendant contends that Count XII of the amended complaint (invasion of privacy), should be dismissed both because it is time barred and because Plaintiff Bringle's allegations are insufficient to meet the "publicity" element of an Indiana state law claim for public disclosure of private facts. [Filing No. 27, at ECF p. 2]. Once again, Plaintiffs provide no meaningful response to this argument. [Filing No. 31, at ECF p. 2.]

The statute of limitations for invasion of privacy claims is two years from the date of accrual. *See, e.g., Dotson v. Stryker Corp.*, 108 N.E.3d 376, 384 (Ind. Ct. App. 2018) ("The parties do not dispute that Dotson's claim for invasion of privacy was controlled by a two-year statute of limitations. *See* Ind. Code. § 34-11-2-4(a) (2017) . . . . In general, the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew, or in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." (Internal citations and quotation marks omitted)); *Ballantine v. Amazon.com.indc LLC*, No. 1:18-cv-02546-JPH-MJD, 2019 WL 2453153, at *6 (S.D. Ind. Mar. 14, 2019) ("The Magistrate Judge finds Ind. Code § 34-11-2-1 applicable to Plaintiff's defamation and invasion of privacy claims as 'employee related actions,' as well as Ind. Code § 34-11-2-4 (Injury or forfeiture of penalty actions), which sets a two-year statute of limitations period for tort actions." (Footnote omitted)). Thus, Plaintiff Bringle's invasion of privacy claim is also time barred.

In addition, the claim lacks merit. Under Indiana law, an invasion of privacy tort claim based on public disclosure of private facts

> occurs when a person gives publicity to a matter that concerns the private life of another, a matter that would be highly offensive to a reasonable person and that is not of legitimate public concern. . . . [A] communication to a single person or to a small group of persons is not actionable because the publicity element requires communication to the public at large or to so many persons that the matter is substantially certain to become one of public knowledge.

*J.H. v. St. Vincent Hosp. and Health Care Center, Inc.*, 19 N.E.3d 811, 815 (Ind. Ct. App. 2014) (internal citations and quotation marks omitted). In this case, the amended complaint alleges only two disclosures: (1) to Scott Myslinkski (Plaintiff Bringle's ex-husband), and (2) to Plaintiff A.M. [Filing No. 26, at ECF p. 12.] These are not sufficient factual allegations to meet the "publicity" element as required in Indiana for a claim of public discourse of private facts. *See id.* This further supports dismissal of Count XII.

### IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss [Filing No. 27] is granted. Plaintiffs' claims are dismissed with prejudice. Therefore, judgment shall be entered in favor of Defendant and against Plaintiffs.

Date: 3/31/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TRACI BRINGLE
1692 W. 660 N.
Whiteland, IN 46184

7